# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MURRY, | ) |
| | ) |
| Plaintiff, | ) Case No. 14-cv-07151 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Anthony Murry ("Murry") brings this action against the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") alleging a violation of the Fair Debt Collection Practices Act. This case is now before this Court on cross-motions for summary judgment. For the reasons set forth below, this Court grants BHLM's motion for summary judgment [23] and denies Murry's motion for summary judgment [28].

**Background**

The following facts are undisputed unless otherwise noted. This Court takes judicial notice of the fact that, for administrative and management reasons, the Circuit Court of Cook County has divided Cook County into six municipal districts, each served by its own courthouse. On March 14, 2012, BHLM filed a debt collection lawsuit against Murry in the Circuit Court of Cook County's First Municipal District. (Dkt. 29 ¶¶ 7– 9). On April 24, 2012, the Circuit Court entered default judgment against Murry. (*Id.* ¶ 12). On June 10, 2014, the Circuit Court issued a wage deductions summons to Murry's employer. (Dkt. 24 ¶ 6). Murry did not appear in connection with any of these proceedings. (*Id.* ¶¶ 10, 11). At all times pertinent here, Murry lived in Markham, Illinois, which is in Cook County's Sixth Municipal District. (Dkt. 29 ¶ 15). The Sixth Municipal District is

served by the Markham Courthouse, while the First Municipal District is served by the Daley Center. (*Id.* ¶¶ 8, 18).

The Fair Debt Collection Practices Act (FDCPA) requires, in pertinent part, that any debt collector bringing a legal action to enforce a debt against a consumer shall bring such action only "in the judicial district or similar legal entity . . . in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). Prior to July 2, 2014, the Seventh Circuit construed the term "judicial district" in that statute as meaning the Cook County Circuit Court as established by the Illinois legislature and not the municipal subdivisions established by the Circuit Court for the purposes of its own internal administration. *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). On July 2, 2014, however, in a divided en-banc decision, the Seventh Circuit overturned *Newsom* and held that the correct interpretation of "judicial district or similar legal entity" is "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc). Murry accordingly brought this suit alleging that BHLM violated the FDCPA by filing its collection action and wage deduction citation in Cook County's First Municipal District instead of the Sixth Municipal District, where he resides.

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the

summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). When presented with cross-motions for summary judgment, the court considers the motions simultaneously, and draws all reasonable inferences in favor of the party opposing a particular motion. *Buttitta v. City of Chicago*, 803 F. Supp. 213, 217 (N.D. Ill. 1992), *aff'd* 9 F.3d 1198 (7th Cir. 1993).

**Discussion**

BHLM contends that Murry's claim is time-barred by the FDCPA's statute of limitations. Under the FDCPA, any action arising from the statute must be brought within one year from the date on which the violation occurs. 15 U.S.C. § 1692k. When the alleged violation involves a collection lawsuit, the statute of limitations begins to run at the initiation of the allegedly wrongful litigation when the defendant is served. *See Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 545-46 (N.D. Ill. 2012). Once litigation is commenced, the statute of limitations is not tolled or restarted by subsequent filings or actions made in prosecution of the lawsuit. *Jones v. US Bank Nat'l Ass'n,* No. 10 C 0008, 2011 WL 814901 at *5 (N.D. Ill. Feb. 25, 2011) (Holderman, J.).

As an initial matter, this Court rejects Murry's assertion that BHLM waived this defense by failing to raise it in its responsive pleadings. Within the Seventh Circuit, delay in asserting an affirmative defense only waives that defense if the plaintiff was harmed as a result. *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). Here, BHLM raised its statute of limitations defense in response to a set of interrogatories soon after filing its Answer. (Dkt. 41-1 ¶ 23).[1] Murry therefore received ample notice of the defense, and this Court accordingly concludes that BHLM's statute of limitations defense was not waived. *Cf. Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 851 (N.D. Ill. 2006) (holding that a party did not waive its statute of limitations defense by raising the defense in a motion for summary judgment because the plaintiff was not prejudiced and

---

[1] This Court rejects BHLM's assertion that it's statute of limitations defense was adequately raised in its Answer through an affirmative defense purporting to "incorporate all defenses set forth in, or contemplated by, Fed. R. Civ. P. 8(c)."

had ample opportunity to respond); *see also DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987) ("[W]hen parties argue an affirmative defense in the district court, technical failure to plead the defense is not fatal.").

Turning to the merits of BHLM's statute of limitations defense, BHLM's collection action against Murry was filed on March 14, 2012 and service was effected on March 29, 2012. (Dkt. 1-1). Accordingly Murry's complaint, which was filed on September 13, 2014, is time-barred under the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k. This Court is not persuaded otherwise by Murry's contention that the wage garnishment proceeding constituted a separate "legal action to enforce a debt against a consumer" sufficient to independently trigger the statute of limitations. *See Henderson v. Blitt and Gaines, P.C.*, 14 C 10007 (N.D. Ill. June 19, 2015) (Tharp, J.) (exhaustively examining Illinois state law and the reasoning of other Circuits before concluding that "the FDCPA term 'any legal action on a debt against any consumer' does not include Illinois wage garnishment actions."); *see also Henciek v. Law Office of Keith S. Shindler, Ltd.*, No. 14-CV-07149 (N.D. Ill. Mar. 3, 2015) (Wood, J.) ("Under Illinois law, filing an affidavit for wage deduction under the Illinois Wage Deduction Act . . . is not an action against the judgment debtor but rather an action directed against the third-party garnishee (e.g., the debtor's employer).").

**Conclusion**

For the foregoing reasons, BHLM's Motion for Summary Judgment [23] is granted and Murry's Motion for Summary Judgment [28] is therefore denied.

IT IS SO ORDERED.

Date: November 12, 2015

Entered. _____
SHARON JOHNSON COLEMAN
United States District Court Judge